IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

David Gevas (B-41175) and Marcia )
Yvonne Gevas, )
          Plaintiffs, )
           ) Case No. 18 C 6556
      v. )
           ) Hon. Sunil R. Harjani
Troy A. Dunlop, et al., )
          )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' motion for an order compelling discovery (Dkt. 220) and a corrected motion for an order compelling discovery. (Dkt. 227.) The Court accepts Plaintiffs' corrected motion, which adds a sentence omitted from the first motion, and strikes the original motion. For the following reasons, Plaintiff's corrected motion to compel discovery is granted in part and denied in part. Defendants are ordered to serve amended answers to Plaintiffs' Interrogatories 1, 2, 5 and 6 and request to admit, as described below, by March 2, 2020.

## BACKGROUND

Plaintiffs in this matter, inmate David Gevas and Marcia Gevas, brought this lawsuit alleging that Defendants retaliated against them in a number of ways because of a previous lawsuit Plaintiffs filed regarding Stateville Correctional Center's marriage policies. (*See* Dkt. 37.) Presently before the Court is Plaintiffs' motion for an order compelling Defendants to answer discovery requests. (Dkt. 277.) Plaintiffs' motion requests orders compelling responses to two sets of interrogatories and requests for production, and requests that the Court determine the sufficiency of Defendants' answers to requests to admit. Fact discovery closed on January 31, 2020. (Dkt.

1

147.) Plaintiffs filed their motion on February 6, 2020, six days after that deadline. The Court will nonetheless consider Plaintiffs' motion given that the parties' met and conferred regarding Plaintiffs' discovery requests on January 29, 2020, only two days prior to the close of fact discovery. (*See* Dkt. 277, pgs. 2-5.)

## DISCUSSION

### I. Interrogatories

First, Plaintiffs request that this Court order Defendants to more fully answer several of Plaintiffs' interrogatories. Fed. R. Civ. P. 33(b)(3) provides that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." The grounds for any objections "must be stated with specificity." Fed. R. Civ. P. 33(b)(4). A responding party must include in its answer all information within its knowledge or control. *Hanley v. Como Inn, Inc.*, 2003 WL 1989607, at *4 (N.D. Ill. Apr. 28, 2003). Lack of personal knowledge does not exempt a party from answering to the extent possible, "because [the] duty to fully answer implies a duty to make reasonable efforts to obtain information within the knowledge and possession of others." *Jones v. Syntex Laboratories, Inc.*, 2001 WL 1338987, at *3 (N.D. Ill. Oct. 30, 2001).

A party may move for an order compelling production if a responding party fails to answer an interrogatory submitted under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iv). Where, as is the case here, a responding party has provided answers to the interrogatories, answers that are evasive or incomplete are treated as a failure to answer. Fed. R. Civ. P. 37(a)(4).

Plaintiffs challenge the sufficiency of Defendants' answers to the following interrogatories sent to Defendants on November 30, 2019:

> (1) State the full name of Dr. Orenstein at Stateville Correctional Center Health Care Unit, including the kind of doctor he is and if he is employed by IDOC or Wexford Health Sources, Inc.
>
> (2) State the full name and position/title of the individual who created the dental

2

record attached to Plaintiffs' interrogatories.

(3) State the full name and position/title of the individual who completed the medical services refusal form attached to Plaintiffs' interrogatories.

(4) State the full name and position/title of all individuals who placed the medical services refusal form in David Gevas' medical file.

(5) "State in complete detail everything that is handwritten in services rendered for the dates of 7/30/18, 7/30/18 fu, 8/7/18, and 8/15/18" on the dental record attached to Plaintiffs' interrogatories. (Dkt. 227, pgs. 13-14.)

Plaintiff's also request an order compelling Defendants to answer the following interrogatory sent to Defendants on December 1, 2019:

(6) State in complete detail the reason W. Brown was removed as the lieutenant at X house, Stateville Correctional Center in 2018. (*Id*., pg. 15.)

Defendants answer Interrogatories 1, 3 and 4 by stating that they lack personal knowledge responsive to the interrogatories. (Dkt. 227, pg. 14.) Plaintiffs have not identified why they believe such responses to be incomplete or evasive. Interrogatories require the responding party to answer to the extent it has knowledge or can readily ascertain such knowledge. *Gingerich v. City of Elkhart Probation Dept.*, 273 F.R.D. 532, 541 (N.D. Ind. 2011). With regard to Interrogatory 3, Defendants' answer is sufficient given that no information appears on the medical services refusal form, such as a signature, that would indicate the identity of the form's author. (*See* Dkt. 227, pg. 8.) Likewise, the form provides no clues as to who placed it in David Gevas' files. Plaintiffs offer no reason to suspect Defendants' response that they lack the knowledge necessary to answer these interrogatories is anything less than truthful. Plaintiffs' motion is denied with respect to Interrogatories 3 and 4.

However, Defendants' answer that they lack the knowledge sufficient to identify whether Dr. Orenstein is employed by IDOC or Wexford and, if so, his full name and title, is not a sufficient answer to Interrogatory 1. It is implausible to suggest that IDOC and Wexford are unaware of

who they employ and, as employees of Wexford and an Illinois Department of Corrections facility, there is no reason why Defendants cannot determine this information with little difficulty. In addition, this information is within the scope of discoverable information in this lawsuit. The form in question shows that a Dr. Orenstein explained the risks of refusing treatment to David Gevas, while Plaintiffs contend David Gevas did not refuse treatment at all, but rather Defendants prevented him from attending his dentist appointment. Defendants, therefore, are ordered to conduct a reasonable inquiry as to whether Dr. Orenstein is an employee of Wexford or IDOC. By the above date, Defendants shall amend their answer to Interrogatory 1 to provide that information, and, if Dr. Orenstein is an employee of IDOC or Wexford, his first name and type of doctor that he is.

With regard to Interrogatories 2 and 5, Defendants object because they "are not medical/dental professionals and are therefore not qualified to interpret Plaintiff's dental records" but answer, without waiving objections, that it appears Dr. Orenstein created the records in question. (Dkt. 227, pg. 14-15.) Defendants' objections misinterpret both interrogatories. In Interrogatory 2, Plaintiffs request only the identity of the person who created the record, including the sections entitled "services rendered" and "D.D.S. signature," not an interpretation of the contents of the record. Interrogatory 5 asks Defendants, in essence, to transcribe the handwritten notes on David Gevas' dental record. Neither interrogatory requires the specialized knowledge of a medical or dental professional to answer. Moreover, Defendants are in a better position than Plaintiffs to provide the information requested given that the records were likely created by IDOC or Wexford employees. The Court overrules Defendants' objections. Defendants, therefore, must conduct the reasonable inquiry necessary to answer Plaintiffs' Interrogatories 2 and 5 and amend their answers by the date above.

Lastly, Defendants object to Interrogatory 6 as seeking information not relevant to any claim or defense in this litigation. (Dkt. 227, pg. 15.) Parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Here, Plaintiffs' amended complaint alleges Brown improperly attended David Gevas' January 23, 2018 disciplinary hearing, directed other Defendants to discontinue David Gevas' medical lay-in, ransacked David Gevas' cell on several occasions, did not allow David Gevas to attend a dental appointment, and failed to inform David Gevas of his prison visits. (*See* Dkt. 37.) Thus, the reason for Brown's removal may be relevant to Plaintiffs' claims given that it is plausible that one of the reasons that Brown was removed was because of his alleged actions on Plaintiff, but Plaintiff won't know that until he gets an answer to this interrogatory. Discovery, while limited by relevancy and proportionality concerns, must still allow a party to make reasonable inquiries in order to develop evidence that supports his claim or defense. Moreover, this interrogatory can easily be answered without any excessive burden on the Defendants, and thus is not disproportionate to the needs of this case. The Court, therefore, directs Defendants to answer Interrogatory 6 by the above date.

## II.  Request to Produce Documents

Next, Plaintiffs ask the Court to compel Defendants to produce records responsive to their December 1, 2019 request to produce Plaintiff David Gevas' medical records. (Dkt. 227, pgs. 3-4.) Where a party fails to produce documents requested under Fed. R. Civ. P. 34, the requestor may move for an order compelling production of the records. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Specifically, Plaintiffs request that Defendants produce all medical records in David

5

Gevas' IDOC medical file pertaining to (1) his April 2018 surgery on his right clavicle and the resulting infection, including all medical records from April 1, 2018 to October 30, 2018, and all instructions from his orthopedist following the surgery; and (2) any evaluation or examination conducted by Stateville medical staff regarding the discontinuance of his medical lay-in on May 4, 2018. (Dkt. 227, pgs. 15-16.)

Defendants object that both requests are overly broad, seek documentation already in Plaintiff's possession, and seek records not relevant to any claim or defense at issue in this litigation. (Dkt. 227, pg. 15.) In response to Plaintiffs' requests, Defendants identify and refer Plaintiffs to what appear to be 5,225 pages of records produced in one of Plaintiff David Gevas' other cases. (*Id.*) Plaintiffs, in turn, argue they should not have to obtain the records from David Gevas' attorney in his other case and that using records produced in another case would cause confusion in the present matter because the records would include bates stamps referencing David Gevas' other case. (Dkt. 227, pg. 4.)

As an initial matter, the Court fails to see how Plaintiffs' requests are overly broad or irrelevant. Plaintiffs' requests are narrow in scope and plainly relevant to their claims regarding the discontinuance of David Gevas' lay-in period on May 4, 2018. (*See* Dkt. 37, pg. 9.) Consequently, the Court can only conclude that Defendants have employed boilerplate objections in answering Plaintiffs' requests. Such objections do not satisfy Fed. R. Civ. P. 34(b)(2)(C)'s requirements and are "tantamount to not making any objection at all." *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.*, 2017 WL 5890923, at *2 (N.D. Ill. Nov. 29, 2017) (quoting *RealPage, Inc. v. Enter. Risk Control, LLC*, 2017 WL 1165688, at *3 (E.D. Tex. 2017)).

Defendants' remaining objection—that the records are already in Plaintiffs' possession—

however, does hold water. Under Fed. R. Civ. P. 26(b)(2)(C)(i), the Court "must limit the . . . extent of discovery otherwise allowed by these rules or by local rule if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive."

Plaintiffs offer no explanation for why they would be unable to obtain the medical records from David Gevas' attorney in case no. 1:16-cv-10599. They merely state that they should not have to. Case no. 1:16-cv-10599 is ongoing and David Gevas continues to be represented by counsel in that lawsuit. There appears to be no barrier to Plaintiffs' obtaining the medical records Defendants state are responsive to the requests to produce from their attorney in that case. Ordering Defendants to produce the medical records here would be duplicative and Plaintiffs can obtain the records from a more convenient source. With regard to Plaintiff's concern that the bates stamps on the records will cause confusion if introduced in the present case, the Court notes that bates stamps are easily redacted and it is unlikely the stamps will produce undue confusion. As Plaintiffs are already in possession of the requested records through their agent in case no. 1:16-cv-10599, Defendants will not be compelled to produce them again in response to Plaintiffs' requests here.

### III. Request to Admit

Lastly, Plaintiffs move to determine the sufficiency of Defendants' answer and objection to Plaintiffs' December 13, 2019 request to admit. (Dkt. 227, pg. 5.) Under Fed. R. Civ. P. 36(a), a party may serve on any other party a written request for the admission of the truth of matters relating to statements or opinions of fact or the application of law to fact. Requests for admission are not discovery devices but, rather, "are used to establish the truth or genuineness of a matter in order to eliminate the need to prove the matter at trial or to limit the triable issues of fact." *Taborn*

*v. Unknown Officers*, No. 00C652, 2001 WL 138909, at *1 (N.D.Ill. Feb. 16, 2001). The answering party must admit, deny, or "set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter." Fed. R. Civ. P. 36(a).

Plaintiffs requested that Defendants admit or deny the genuineness of an affidavit signed by Stateville officer Christopher Ross on September 23, 2019. (*Id.*, pg. 19.) The affidavit appears to have been submitted in yet another of Plaintiff David Gevas' cases, no. 1:18-cv-4984, and describes the typical process for creating a shakedown slip and Ross' search of Stateville Correctional Center's records for shakedown slips pertaining to David Gevas. (*Id.*, pg. 9.) Defendants object to this request to admit "as an improper use of Rule 36," though Defendants do not explain why they believe this to be so. (*Id.*, pg. 19.) Defendants also object because the affidavit was executed and produced in a separate matter and the Defendants in the present case did not author or execute the affidavit. Defendants, therefore, state they lack the knowledge to admit or deny the genuineness of the affidavit. (*Id.*) Notwithstanding their objections, Defendants answer that the affidavit is a self-authenticating document. (*Id.*)

Defendants' objections are not compelling. First, the Court cannot comprehend why Defendants believe Plaintiffs' request to admit to be improper under Rule 36. The Court can only surmise that Defendants believe the request is improper either because it requests the authentication of a self-authenticating document or because the document was created by a third-party. Neither reason makes the request improper.

The Court has reviewed the affidavit included with Plaintiffs' motion. (Dkt. 227, pg. 9.) While the document may be self-authenticating under Fed. R. Evid. 902(8), it is ultimately unknown how the trial court will rule on the admissibility of the affidavit. A party may hedge his bets by securing authentication through more than one avenue; Federal Rule of Evidence 901(a) is

not particular as to what serves to authenticate a document. *See In re Peregrine Financial Group Customer Litigation*, 2015 WL 1344466, at *8 (N.D.Ill. Mar. 20, 2015) (citing *John Paul Mitchell Sys. V. Quality King Dist., Inc.*, 106 F. Supp. 2d 462, 471 (S.D.N.Y. 2000). Requests to admit the genuineness of documents are specifically contemplated by Rule 36(a)(1)(B) and serve the purpose of eliminating the need to later establish the foundation to admit the records into evidence. *Id*. The Federal Rules of Civil Procedure require that parties will, in good faith, admit the genuineness of documents when so requested in order to streamline later proceedings. *Oakley v. McCabe*, 2007 WL 2752175, at *1 (S.D. Ill. Sept. 21, 2007).

Defendant's objection that the document was created by a third party and produced in another case is also not convincing. An answering party may not rely solely on its lack of personal knowledge when responding to requests to admit. *Loudermilk v. Best Pallet Co., LLC*, 2009 WL 3272429, at *1 (N.D. Ill. 2009). Consequently, a party may be required to contact third persons who are readily available, such as the party's "officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response." *Taborn v. Unknown Officers*, 2001 WL 138908, at *1 (N.D. Ill. Feb. 16, 2001) (quoting *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997); *see also* Fed. R. Civ. P. 36(a) Advisory Committee Notes (1970) ("The revised rule requires only that the answering party make reasonable inquiry and secure such knowledge and information as are readily obtainable by him. In most instances, the investigation will be necessary either to his own case or to preparation for rebuttal. Even when not, the information may be close enough at hand to be 'readily obtainable.'"). Whether an inquiry is reasonable depends on the facts of the case. *Hanley v. Como Inn,Inc.*, 2003 WL 1989607, at *2 (N.D. Ill. Apr. 28, 2003).

Here, no extraordinary effort or expense was required to conduct a reasonable inquiry into the genuineness of the affidavit. Defendants in this case and in case no. 1:18-cv-4984 are both represented by attorneys from the Illinois Attorney General's Office, who appear to work on the same floor of the same office building. It would not have been unduly burdensome for defense counsel in this case to have phoned, emailed, or walked to the office of the attorney in case no. 1:18-cv-4984 to investigate the authenticity of the affidavit in question. Moreover, it would appear that the affiant is employed by Stateville Correctional Center and he is, therefore, within the control of Defendants' employer. Given that the information necessary to answer the request to admit was readily available and that defense counsel appears to have conducted no inquiry whatsoever, Defendants' answer is inadequate.

Under Rule 36, a party's options in responding to requests to admit are to admit, deny, or object. Fed. R. Civ. P. 36(a)(4), (5). A party may assert lack of knowledge as a reason for failing to admit or deny *only* after conducting a reasonable inquiry to attempt to answer the request. *Id.* The Court overrules Defendants objections and finds that their answer that the affidavit in question is self-authenticating is not responsive to Plaintiffs' request to admit the genuineness of the document. Consequently, Defendants must conduct a reasonable inquiry and amend their answer accordingly by the above date.

## CONCLUSION

For the foregoing reasons, Plaintiffs' discovery motion is granted in part and denied in part. Defendants amended responses to Plaintiffs' Interrogatories 1, 2, 5, and 6, and answers to Plaintiffs' request to admit are due by March 2, 2020.

**SO ORDERED.**

Dated:  February 19, 2020

Sunil R. Harjani
United States Magistrate Judge